UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| KISHA OLIPHANT,<br><br>Plaintiff,<br><br>v.<br><br>MAL ENTERTAINMENT, INC. and<br>WALTER DAVID BAUCOM, JR.,<br><br>Defendants. | CIVIL ACTION NO. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### I. SUMMARY

Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees. *See Billingsley v. Citi Trends, Inc.*, 13-12561, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

1. This case implicates adult entertainment club which goes by the trade name of "Leather & Lace Southend."

2. Defendants have a longstanding policy of misclassifying their employees as independent contractors.

3. Defendants required and/or permitted Plaintiff Kisha Oliphant ("Plaintiff") to work as an exotic "entertainer" and/or dancer at their adult entertainment club in excess of forty

(40) hours per week, but refused to compensate her at the applicable minimum wage and overtime rate. In fact, Defendants refused to compensate Plaintiff at all for the hours she worked. Plaintiff's only compensation was in the form of tips from club patrons.

4. Defendants' conduct violates the FLSA, which requires non-exempt employees, such as Plaintiff, to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

5. Furthermore, Defendants' practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision as does Defendants' practice of siphoning away those tips to distribute to non-tip eligible employees. *See* 29 U.S.C. §§ 203, 206.

## II. SUBJECT MATTER JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. Venue is proper in this Court because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendants' principal place of business is located in this District. In particular, Defendants' principal place of business is located at 2101 South Blvd, Charlotte, NC 28203. Also, Plaintiff worked at Defendants' club, located at 2101 South Blvd, Charlotte, NC 28203, at all times relevant hereto.

## III. PARTIES AND PERSONAL JURISDICTION

8. Plaintiff Kisha Oliphant is an individual residing in Charlotte, North Carolina.

9. Defendant, Mal Entertainment Inc., is a North Carolina Corporation. The Defendant may be served through their Registered Agent as follows: Walter David Baucom, Jr. at 8001 N. Tyron St., Charlotte, NC 28262.

10. Defendant Walter David Baucom, Jr. is a citizen and resident of Charlotte, North Carolina.

## IV. FLSA COVERAGE

11. In an FLSA case, the following elements must be met: "(1) [plaintiff] is employed by the Defendants, (2) the Defendants engaged in interstate commerce, and (3) the Defendants failed to pay [plaintiff] minimum or overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) *cert. denied,* 134 S. Ct. 62, (U.S. 2013).

### EMPLOYMENT RELATIONSHIP

12. "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *Id.* at 942 (citing 29 U.S.C. § 203(g)). "To determine if an individual is an employee, 'we look at the economic reality of all the circumstances' surrounding the activity." *Id*. (citing *Brouwer,* 139 F.3d at 819). "We refer to this test as the 'economic reality' test." *Id*. (citing *Villarreal v. Woodham,* 113 F.3d 202, 205 (11th Cir.1997)). "The touchstone of the economic reality test is the alleged employee's economic dependence on the employer." *Id*.

13. Here, Defendants had the power to hire and fire Plaintiff.

14. Defendants controlled Plaintiff's work schedule.

15. Defendants scheduled Plaintiff to certain shifts and required her to work a specific schedule each week.

16. Defendants required Plaintiff to work a certain number of days during the week.

17. Defendants provided training, if needed, to Plaintiff.

18. Defendants required Plaintiff to wear specific clothing and enforced a dress code with regard to all dancers.

19. Defendants determined the rate and the method of payment for Plaintiff. Defendants set the price for their customers to pay dancers for private dances. Further, Defendant set a price for their customers to pay in order to enter their VIP and/or Executive lounges.

20. Additionally, Defendants required Plaintiff to pay "house fees" depending on the day and shift the dancer was working, and the time they arrived at the club for each shift.

21. Defendants required Plaintiff to tip out certain employees at the end of their shift, including but not limited to the DJ, House Mom, bartender, security, and managers.

22. Entertainers are an integral part of Defendants' strip club.

23. Plaintiff's job duties consisted of dancing in designated areas and performing dances for Defendants' customers at the club. These job duties require little to no skill.[1]

24. Defendants maintained some records regarding the time Plaintiff arrived and left the club, and the dates on which she worked.

25. At all material times, Defendants has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

26. Moreover, the Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

---

[1] *See Labriola v. Clinton Entm't Mgmt., LLC*, No. 15 C 4123, 2016 WL 1106862, at *3 (N.D. Ill. Mar. 22, 2016) ("Under this "economic reality" standard, courts consider the following factors: (1) the employer's control over the manner in which the alleged employee performs the work, (2) the alleged employee's opportunity for profit or loss depending upon his or her skill, (3) the alleged employee's investment in equipment or materials or employment of workers, (4) whether the work requires a special skill, (5) the permanency and duration of the relationship, and (6) the extent to which the work is an "integral part" of the alleged employer's business.) (citing *Sec'y of Labor, U.S. Dept. of Labor v. Lauritzen*, 835 F.2d 1529, 1534 (7th Cir. 1987).

27. The statutory definition of "employer" includes corporate officers, participating shareholders, supervisors, managers, or other employees where that individual exercises some supervisory authority over employees and is responsible in whole or in part for the alleged violation. *See id*.

## ENTERPRISE AND INDIVIDUAL COVERAGE

28. The FLSA imposes minimum hourly and overtime wages for employees who are "engaged in commerce or in the production of goods for commerce" or who are "employed in an enterprise engaged in commerce or in the production of goods for commerce." *Torres v. Pallets 4 Less, Inc.*, No. 14 CV 4219, 2015 WL 920782, at *2 (N.D. Ill. Mar. 2, 2015). An employer is an enterprise covered by the FLSA if it (1) "has employees engaged in commerce or in the production of goods for commerce, or [ ] has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and (2) its "annual gross volumes of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i-ii)

29. At all material times, Defendants has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

30. At all material times, Defendants has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

31. Specifically, Defendants' employees have sold goods—such as alcoholic beverages and a variety of foods—that have been moved or produced in interstate commerce to Defendants' patrons. Additionally, Defendants' employees, including Plaintiff, have handled materials that have been moved or produced in interstate commerce, which were used in the course of Defendants' business operations.

5

32. Defendants regularly and customarily advertise on the internet, process credit cards from out of state patrons, and regularly communicate via mail, email, and telephone with their out-of-state vendors.

33. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of $500,000.00 per annum at all times relevant hereto.

34. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206–207.

### WAGE VIOLATIONS

35. Defendants misclassified Plaintiff as an independent contractor.

36. Defendants failed to pay Plaintiff any compensation whatsoever.

37. Any money Plaintiff received directly from Defendants' customers were tips.

38. Defendants siphoned Plaintiff's tips by requiring them to share their tips with other employees who are not eligible to participate in a tip pool.

### V. FACTS

39. Plaintiff has been victimized by Defendants' common policy and plan to violate her rights under the FLSA by denying her minimum wage, proper overtime, and the tips she lawfully earned.

40. Defendants operate an adult entertainment club located at 2101 South Blvd, Charlotte, North Carolina, under the name of "Leather & Lace Southend."

41. Defendants employ exotic entertainers at Leather & Lace Southend.

42. Plaintiff is a former exotic entertainer at Defendants' adult entertainment club, Leather & Lace Southend.

43. Plaintiff worked on a regular basis for Defendants' club.

44. From approximately July 2010 until July 2019, Plaintiff danced at Defendants'

club, Leather & Lace Southend.

45. Therefore, Plaintiff has first-hand personal knowledge of the pay violations at Leather & Lace Southend.

46. The exotic entertainers are compensated exclusively through tips from Defendants' customers.

47. Defendants did not pay the entertainers compensation for any hours worked at their establishments.

48. Defendants charged the entertainers certain fees per shift worked.

49. Defendants charged the entertainers a "house fee" depending on the time they arrive to work.

50. Defendants also required the entertainers to share their tips with employees who do not customarily and regularly receive tips, including the disc jockeys and security employees.

51. Defendants illegally classified the entertainers as independent contractors. However, at all times, the entertainers were employees of Defendants as that term is defined by the FLSA and relevant case law.

52. Defendants hired, fired and supervised the entertainers. Defendants also set the schedule for the entertainers. Defendants controlled the details of the entertainers' jobs, including setting the prices to charge customers for dances and imposing limitations on how to interact with the clubs' customers.

53. Defendants also controlled the entertainers' appearances with respect to their attire and makeup.

54. Defendants disciplined the entertainers for not following club rules.

55. Defendants tracked the time and days the entertainers worked just as is common for typical employer-employee relationships.

56. In addition, Defendants instructed the entertainers about when, where, and how the entertainers were to perform their work.

57. The following further facts demonstrate the entertainers' status as employees:

   a) Defendants have the sole right to hire and fire the entertainers;

   b) Defendants require dancers to complete an employee application as a prerequisite to their employment;

   c) Defendants made the decision not to pay wages or overtime to their entertainers;

   d) Defendants made the decision not to compensate at the FLSA minimum wage rate;

   e) Defendants provided the entertainers with music equipment and a performing stage;

   f) Defendants controlled the entertainers' music;

   g) The dancers have made no financial investment with Defendants' business;

   h) The dancers were hired as permanent employees, and some have worked for Defendants for years;

   i) Defendants supervised the entertainers; and

   j) Defendants scheduled entertainers and as such had sole control over their opportunity for profit.

58. Defendants misclassified Plaintiff as an independent contractor to avoid their obligations to pay Plaintiff pursuant to the FLSA.

59. Plaintiff is not exempt from the overtime and minimum wage requirements under the FLSA.

60. Although Plaintiff is required to and does in fact work more than forty (40) hours per workweek, she is not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek. In fact, she receives no compensation whatsoever from Defendants and thus, Defendants violates the minimum wage requirement of the FLSA. *See* 29 U.S.C. § 206.

61. Defendants' method of paying Plaintiff in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. Defendants misclassified Plaintiff with the intent to avoid paying her in accordance to the FLSA.

62. Defendants have been in the exotic dancing industry for years and are familiar with the long line of federal cases holding that entertainers in this industry are employees as that term is defined by the FLSA.

63. Further, at all material times, Defendants have operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants performed related activities through unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914–15 (9th Cir. 2003).

64. The Defendants have a common business purpose of for-profit adult entertainment.

## VI. COUNT ONE: VIOLATION OF 29 U.S.C. § 207

65. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

66. Defendants' practice of failing to pay Plaintiff time-and-a-half rate for hours she worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

9

Case 3:20-cv-00127-FDW-DCK   Document 1   Filed 02/28/20   Page 9 of 13

67. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiff.

## VII. COUNT TWO: VIOLATION OF 29 U.S.C. § 206

68. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

69. Defendants' practice of failing to pay Plaintiff at the required minimum wage rate each workweek violates the FLSA. 29 U.S.C. § 206.

70. In fact, the Defendants do not compensate the exotic entertainers whatsoever for any hours worked.

71. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants or Plaintiff.

72. Defendants failed to keep adequate records of Plaintiff's work hours and pay in violation of section 211(c) of the FLSA. *See* 29 U.S.C. § 211(c).

73. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

 a) The time of day and day of week on which the employees' work week begins;

 b) The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

 c) An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

 d) The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

> e) The hours worked each workday and total hours worked each workweek;
>
> f) The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;
>
> g) The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;
>
> h) The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;
>
> i) The dates, amounts, and nature of the items which make up the total additions and deductions;
>
> j) The total wages paid each pay period; and
>
> k) The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

74. Defendants have not complied with federal law and have failed to maintain such records with respect to Plaintiff.

75. Because Defendants' records are inaccurate and/or inadequate, Plaintiff cannot meet her burden under the FLSA by proving that she, in fact, performed work for which she was improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.*¸ 328 U.S. 680, 687 (1946).

## VIII. DAMAGES SOUGHT

76. Plaintiff is entitled to recover compensation for the hours she worked, for all workweeks in which she was not paid at the federally mandated minimum wage rate.

11

77. Additionally, Plaintiff is entitled to recover her unpaid overtime compensation.

78. Plaintiff is also entitled to all misappropriated funds, including all funds that were charged as fees and penalties, and all tips that were taken.

79. Without repayment of such fees, Plaintiff will not have been paid minimum wage and overtime in accordance with the FLSA.

80. Plaintiff is also entitled to an amount equal to all her unpaid wages and fees as liquidated damages. 29 U.S.C. § 216(b).

81. Plaintiff is entitled to recover her attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## IX. JURY DEMAND

82. Plaintiff hereby demands trial by jury.

## PRAYER

83. For these reasons, Plaintiff respectfully requests that judgment be entered in her favor awarding the following relief:

    a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

    b. All unpaid wages at the FLSA mandated minimum wage rate;

    c. All misappropriated tips;

    d. All misappropriated funds that were labeled as fees, fines or otherwise;

    e. An equal amount of all owed wages and misappropriated funds and tips as liquidated damages as allowed under the FLSA;

    f. Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

    g. Such other relief to which Plaintiff may be entitled, at law or in equity.

Respectfully submitted,

*s/Jean Martin*
Jean Martin
Morgan & Morgan, P.A.
201 N Franklin St, 7th Floor
Tampa, FL 33602
Tel: (813) 559-4908
Fax: (813) 222-4795
E-mail: jeanmartin@forthepeople.com

*Attorney for Plaintiff*

13